## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## FORT MYERS DIVISION

HAMILTON BROWN,

      Plaintiff,

v.                                                           Case No:  2:15-cv-466-FtM-38CM

ROBERT LUTTI, JEREMY
KOBESKI, PENNYMAC
MORTGAGE INVESTMENT
TRUST, MICHAEL TRAINOR,
BLANK ROME LLP, ALLEGHENY
COUNTY COURT OF COMMON
PLEAS, DEPARTMENT OF
COURT RECORDS, PHELAN,
HALLINAN DIAMOND & JONES
and DISCIPLINARY BOARD OF
THE STATE OF PENNSYLVANIA
SUPREME COURT,

      Defendants.

_____

## REPORT AND RECOMMENDATION[1]

Before the Court is Plaintiff Hamilton Brown's Application to Proceed in District Court without Prepaying Fees or Costs, construed as a motion for leave to proceed *in forma pauperis* (Doc. 2), filed on August 3, 2015.  For the reasons that follow, the undersigned recommends that the motion be denied, and the case be dismissed.

---

[1] A party waives the right to challenge on appeal a finding of fact or conclusion of law adopted by the district judge if the party fails to object to that finding or conclusion within fourteen days after issuance of the Report and Recommendation containing the finding or conclusion.

An individual may be allowed to proceed *in forma pauperis* if he declares in an affidavit that he "is unable to pay such fees or give security therefor." 28 U.S.C. § 1915(a)(1). Once an affidavit demonstrates sufficient economic eligibility on its face, the Court must proceed to determine the sufficiency of a plaintiff's claims. The Court is obligated to review the complaint to determine whether it is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2).

A lawsuit is deemed frivolous when the plaintiff's "realistic chances of ultimate success are slight," *Clark v. State of Ga. Pardons and Paroles Bd.*, 915 F.2d 636, 639 (11th Cir. 1990), and "[a]ctions may be frivolous in their factual allegations or in their legal theories." *Ebron v. Immigration and Customs Enforcement*, No. 3:12-cv-272-J-32JBT, 2014 WL 1364974, at *4 (M.D. Fla. Apr. 7, 2014) (order adopting report and recommendation). "Factual allegations are frivolous when they are clearly baseless, fantastic, or delusional." *Id.* (citing *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992)). The Supreme Court has cautioned, however, that a case should only be dismissed as frivolous if it relies on meritless legal theories or facts that are clearly baseless. *See Neitzke*, 490 U.S. at 327.

Here, Plaintiff brings claims against a Pennsylvania state court judge, the Allegheny County, Pennsylvania Department of Court Records, individual Defendants, Pennymac Mortgage Investment Trust, Blank Rome LLP, the Allegheny County, Pennsylvania Court of Common Pleas and the Disciplinary Board of the State of Pennsylvania Supreme Court arising out of a foreclosure in Pennsylvania.

*See* Doc. 1.   Plaintiff has not alleged any connection to the State of Florida, the Middle District of Florida, or the Fort Myers Division of this Court.   Moreover, Plaintiff filed an identical action in the Orlando Division.   *See Brown v. Lutti*, No. 6:15-cv-1289-Orl-40DAB.[2]   Thus, Plaintiff has not established that venue is proper in this Court.   *See* M.D. Fla. R. 1.02(c); 28 U.S.C. 1391(b).

Further, to the extent that Plaintiff requests that the Court review the Pennsylvania state court decision, even assuming *arguendo* that venue is proper here, under the *Rooker-Feldman* doctrine this Court has no subject matter jurisdiction to entertain such a claim.   *See District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923). The *Rooker-Feldman* doctrine "places limits on the subject matter jurisdiction of federal district courts and courts of appeal over certain matters related to previous state court litigation."   *Goodman v. Sipos*, 259 F.3d 1327, 1332 (11th Cir. 2001). The doctrine applies only in "limited circumstances," such as where a party in effect seeks to take an appeal of an unfavorable state-court decision to a lower federal court. *See Lance v. Dennis*, 546 U.S. 459, 466 (2006) (citing *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 291 (2005)).   Plaintiff's Complaint appears to present such a circumstance; accordingly, *Rooker-Feldman* precludes further review by this Court.

---

[2] On August 25, 2015, the Honorable David A. Baker issued a Report and Recommendation in that case recommending that the motion for leave to proceed *in forma pauperis* be denied and the case be dismissed.   *See* Doc. 3.   The Report and Recommendation remains pending.

Plaintiff also seeks monetary relief from Defendants who enjoy absolute immunity from such claims, such as the named Pennsylvania state court judge, the Honorable Robert Lutti.   *See* Doc. 1 at 2 (seeking damages in the amount of $500,000.00 per Defendant, for a total of $3,000,000.00 plus costs, interest and fees). "Judges are entitled to absolute immunity from suits for acts performed while they are acting in their judicial capacity unless they acted in complete absence of all jurisdiction" and "[i]mmunity applies even when the judge's acts are in error, malicious, or in excess of his or her jurisdiction."   *Allen v. Florida*, 458 Fed. Appx. 841, 843 (11th Cir. 2012) (quotation marks omitted) (finding the plaintiff's claims against various Florida state and federal courts were barred by the doctrine of judicial immunity).   Thus, Plaintiff's claims against Judge Lutti and the Pennsylvania state courts also are subject to dismissal pursuant to 28 U.S.C. § 1915(e)(2).

Finally, to the extent that Plaintiff attempts to state claims under 42 U.S.C. §§ 1983 and 1985, the Complaint also must be dismissed for failure to state a claim. In order to establish a *prima facie* case under 42 U.S.C. § 1983, Plaintiffs must allege two elements: (1) the action occurred "under color of law" and (2) the action is a deprivation of a constitutional or a federal statutory right.   *West v. Akins*, 487 U.S. 42, 48 (1988) (citing *Parratt v. Taylor*, 451 U.S. 527, 535 (1981)).   "The dispositive issue is whether the official was acting pursuant to the power he/she possessed by state authority or acting only as a private individual."   *Edwards v. Wallace Community College*, 49 F.3d 1517, 1523 (11th Cir. 1995) (citing *Monroe v. Pape*, 365

U.S. 167, 183-84 (1961) (overruled on other grounds by *Monell v. Dept. of Social Servs.*, 436 U.S. 658 (1978))).

Although private individuals and entities may be held liable under Section 1983, such persons must be jointly engaged with state officials in the prohibited conduct to constitute acting under color of state law for purposes of the statute. *Adickes v. Kress & Co.*, 398 U.S. 144, 152 (1970). To hold that private parties are acting under color of state law pursuant to 42 U.S.C. § 1983, a plaintiff must prove one of the following three conditions: (1) the state has coerced or significantly encouraged the parties to violate the Constitution; (2) the private parties performed a public function that was traditionally the exclusive province of the state; or (3) the state had so far insinuated itself into a position of interdependence with the private parties that it was joint participant in the enterprise. *Rayburn ex rel. Rayburn v. Hogue*, 241 F.3d 1341, 1347 (11th Cir. 2001). As written, Plaintiff's Complaint fails to sufficiently allege facts to support any of the required conditions, and the Section 1983 claims therefore are subject to dismissal.

As to Plaintiff's attempt to state claims pursuant to 42 U.S.C. § 1985, it is unclear which subsection(s) of Section 1985 Plaintiff claims that Defendants have violated. Section 1985(1) relates to actions preventing an officer from performing his duties, and therefore does not appear to apply to any facts described in the Complaint. *See* 42 U.S.C. § 1985(1). Section 1985(2) relates to obstructing justice and intimidating a party, witness or juror. Specifically, "[s]ection 1985(2) prohibits conspiracies to intimidate parties or witnesses to federal lawsuits," *Farese v. Sherer*,

342 F.3d 1223, 1229 (11th Cir. 2003), and the United States Supreme Court has explained that "[t]he gist of the wrong at which 1985(2) is directed is not deprivation of property, but intimidation or retaliation against witnesses in federal-court proceedings." *Haddle v. Garrison*, 525 U.S. 121, 125 (1998).   Plaintiff's Complaint does not allege how any actions by Defendants have intimidated or otherwise influenced witnesses to any federal proceedings.   Accordingly, Plaintiff has failed to state a claim for relief under Section 1985(2).

To the extent that Plaintiff seeks to allege violations of Section 1985(3), the United States Supreme Court has identified the elements of such a claim as:

> (1) a conspiracy; (2) for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws; and (3) an act in furtherance of the conspiracy; (4) whereby a person is either injured in his person or property or deprived of any right or privilege of a citizen of the United States.

*United Bhd. of Carpenters & Joiners of Am. v. Scott*, 463 U.S. 825, 828-29 (1983). Plaintiff further must show that the Defendants were motivated by race- or class-based "invidiously discriminatory animus."   *Griffin v. Breckenridge*, 403 U.S. 88, 102 (1971); *see also Burrell v. Bd. of Trustees of Ga. Mil. C.*, 970 F.2d 785, 793-94 (11th Cir. 1992) (noting the intent requirement of Section 1985(3) "erects a significant hurdle for . . . plaintiffs").   Here, Plaintiff appears to allege that he was subject to discrimination "because of his status as an American Indian."   Doc. 1 at 1.   Plaintiff fails to offer anything other than his own unsupported and conclusory allegations that Defendants' acts were motivated by the requisite racial "invidiously discriminatory animus."

"Although courts liberally construe *pro se* pleadings . . . a [ ] judge is not required to rewrite a deficient pleading.   Where allegations are vague and ambiguous, leaving the reader to guess at precisely what the plaintiff was claiming, the judge should require the plaintiff to replead his claims." *McFarlin v. Douglas Cnty.*, 587 Fed. Appx. 593, 595 (11th Cir. 2014) (citations omitted).   Here, however, as acknowledged in Judge Baker's Report and Recommendation, Plaintiff failed to provide the Court with any method by which he can be contacted.[3]   There is no return address on the mailing envelope, only a postage stamp indicating the letter was mailed in Pittsburgh, Pennsylvania, and the address featured below Plaintiff's signature line on the Complaint is the address for Judge Lutti at the City County Building in Pittsburgh.   *See* Docs. 1 at 1, 1-1 at 1.

Accordingly, based on the Complaint's failure to state claims that are nonfrivolous and upon which relief can be granted, and the Court's inability to communicate with Plaintiff,[4]  the undersigned recommends that Plaintiff's motion for leave to proceed *in forma pauperis* be denied, and this action dismissed.

---

[3]  *See Brown v. Lutti*, No. 6:15-cv-1289-Orl-40DAB, Doc. 3 at 5.

[4]  *See, e.g.*, *Simmons v. House of Brewz*, No. 2:14-cv-390-JES-CM, Doc. 51 at 2 ("In light of the inability to communicate with plaintiff, the Court finds that the case is immediately subject to dismissal.").

ACCORDINGLY, it is hereby respectfully

**RECOMMENDED:**

1.     That Plaintiff Hamilton Brown's Application to Proceed in District Court without Prepaying Fees or Costs, construed as a motion for leave to proceed *in forma pauperis* (Doc. 2), be **DENIED**; and

2.     This action be dismissed with prejudice.

**DONE** and **ENTERED** in Fort Myers, Florida on this 3rd day of September, 2015.

CAROL MIRANDO
United States Magistrate Judge

Copies:
The Honorable Sheri Polster Chappell
United States District Judge

*Pro se* Plaintiff