UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

HAMILTON BROWN,

    Plaintiff,

v.                                Case No:   2:15-cv-466-FtM-38CM

ROBERT LUTTI, JEREMY KOBESKI, PENNYMAC MORTGAGE INVESTMENT TRUST, MICHAEL TRAINOR, BLANK ROME LLP, ALLEGHENY COUNTY COURT OF COMMON PLEAS, DEPARTMENT OF COURT RECORDS, PHELAN, HALLINAN DIAMOND & JONES and DISCIPLINARY BOARD OF THE STATE OF PENNSYLVANIA SUPREME COURT,

    Defendants.
_____/

### ORDER[1]

This matter comes before the Court on the Report and Recommendation of Magistrate Judge Carol Mirando recommending the Plaintiff's Motion to Proceed *In Forma Pauperis* (IFP) be Denied and the Case Dismissed ([Doc. #6](Doc. #6)) filed on September 3, 2015. No response or objection to the Report and Recommendation has been filed and the deadline to do so has expired.

---

[1] Disclaimer:  Documents filed in CM/ECF may contain hyperlinks to other documents or websites.  These hyperlinks are provided only for users' convenience.  Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees.  By allowing hyperlinks to other websites, this Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their websites.  Likewise, the Court has no agreements with any of these third parties or their websites.  The Court accepts no responsibility for the availability or functionality of any hyperlink.  Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the Court.

A district judge "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). If no specific objections to findings of fact are filed, the district judge is not required to conduct a *de novo* review of those findings. Garvey v. Vaughn*, 993 F.2d 776, 779 n. 9 (11th Cir.1993)*. However, the district judge must review legal conclusions *de novo,* even in the absence of an objection. Cooper–Houston v. Southern Ry. Co., 37 F.3d 603, 604 (11th Cir.1994).

## **PROCEDURAL BACKGROUND**

Plaintiff brought his Complaint (Doc. #1) against a host of officials in the State of Pennsylvania including Pennsylvania State Court Judge, Robert Lutti, the Allegheny County, Pennsylvania Department of Court Records, individual Defendants, Pennymac Mortgage Investment Trust, Blank Rome LLP, the Allegheny County, Pennsylvania Court of Common Pleas and the Disciplinary Board of the State of Pennsylvania Supreme Court arising out of a foreclosure action in Pennsylvania.  Plaintiff has not alleged any connection to the State of Florida, the Middle District of Florida, or the Fort Myers Division of this Court.

Judge Mirando issued a Report and Recommendation denying the Motion to Proceed IFP (Doc. #6).  In her Report and Recommendation, Judge Mirando recommended the Plaintiff's Motion to Proceed IFP should be denied and the case should be dismissed with prejudice for failure to state claims that are non-frivolous.  As Judge Mirando also noted in her Report and Recommendation under the Rooker-Feldman Doctrine, United States District Courts cannot hear appeals on matters decided by state

courts on certain matters. In addition, Plaintiff filed an identical action in the Orlando Division of this Court. [2]

## DISCUSSION

Judge Mirando's Report and Recommendation recommends Plaintiff's Motion for IFP should be denied and the Complaint should be dismissed with prejudice. As a general rule, this Court will allow a *pro se* plaintiff the opportunity to amend his complaint if it appears that it could be more carefully drafted to state a claim.

While a *pro se* litigant generally must be given at least one opportunity to amend his complaint, a district judge need not allow an amendment where amendment would be futile. Cornelius v. Bank of America, NA, 585 Fed. Appx. 996, 1000 (11th Cir. ,2014) (citing Cockrell v. Sparks, 510 F.3d 1307, 1310 (11th Cir.2007) (per curiam); Jemison v. Mitchell, 380 Fed. Appx. 904, 907 (11th Cir. 2010) (holding "[w]hen it appears a *pro se* plaintiff's complaint, if more carefully drafted, might state a claim, the district court should give the *pro se* plaintiff an opportunity to amend his complaint instead of dismissing with prejudice. Dismissal with prejudice is proper however, if the *pro se* plaintiff has indicated that he does not wish to amend his complaint or if a more carefully drafted complaint could not state a valid claim.")); Howell v. PHH Mortgage Corporation, 2015 WL 5829673, *4 (M.D. Fla. October 1, 2015) (holding that Dismissal with prejudice is proper, however, if ... a more carefully drafted complaint could not state a valid claim."). "Leave to amend a complaint is futile when the complaint as amended would still be properly dismissed or be immediately subject to summary judgment for the defendant." Jemison, 380 Fed. Appx. at 907.

---

[2] Brown v. Lutti, 6:15-cv-1289-Orl-40-DAB, the District Court adopted the Magistrate Judges Report and Recommendation denying the Motion to Proceed IFP and dismissed the case.

In this instance, Plaintiff failed to assert any facts or law that would establish jurisdiction with the United States Court for the Middle District of Florida and based on the underlying facts in his Complaint he would not be able to make a connection to this District.  Furthermore, as discussed by Judge Mirando in her Report and Recommendation, the Rooker-Feldman doctrine would prevent this Court from hearing an appeal on a decision handed down by a Pennsylvania state court.

Thus, after an independent *de novo* review of the record in this matter, and noting that no objections were timely filed, the Court agrees with the findings of fact and conclusions of law in the Report and Recommendation.

Accordingly, it is now

**ORDERED:**

The Report and Recommendation of Magistrate Judge Carol Mirando (Doc. #6) is **ACCEPTED and ADOPTED** and made part of this Order.

1. Plaintiff, Hamilton Brown's Motion to Proceed *In Forma Pauperis* (Doc. #2) is **DENIED.**

2. The Complaint is **DISMISSED.**  The Clerk of the Court is directed to enter judgment accordingly, terminate all pending motions and deadlines and close the file.

**DONE** and **ORDERED** in Fort Myers, Florida this 13th day of October, 2015.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies:  All Parties of Record